United States District Court
Central District of California

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FILED
CLERK, U.S. DISTRICT COURT
OCT 2, 2019
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

Gnathonic. LLC,
Plaintiff,
v.
Jamie Dingman,
Defendant.

2:19-cv-01502-VAP-SSx

**Order GRANTING Plaintiff's Motion for Alternative Service on James Dingman (Doc. No. 9)**

Before the Court is Plaintiff Gnathonic, LLC's Motion for Order for Alternative Service, ("Motion," Doc. No. 9), filed on May 24, 2019. After considering all papers filed in support of the Motion, the Court GRANTS the Motion.

## I. BACKGROUND

This case arises out of a federal action for fraud against Defendant James Dingman ("Defendant") in the Southern District of New York (the "New York action"). Los Angeles law firm Browne George Ross, LLP ("BGR") represented Defendant in the New York action, successfully obtaining a dismissal. Defendant then avoided paying legal fees and costs to BGR, which assigned the debt to Plaintiff Gnathonic, LLC ("Plaintiff"). On February 28, 2019, Plaintiff brought an action for fraud and breach of contract against Defendant in the Central District of California to recover the debt, but has been unable to effect service on him. Plaintiff contends that

United States District Court
Central District of California

Defendant has actual knowledge of the instant case but evades service to avoid collection. In this Motion for Alternative Service, Plaintiff asks this Court to enter an order permitting service on Defendant via email or, in the alternative, via email and publication.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4 provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4. Accordingly, this Court may apply California law to determine the procedure for serving a summons.

Although the California Code of Civil Procedure does not explicitly permit service of process by email, it gives courts broad discretion to allow parties to use alternative service methods: "Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." Cal. Civ. Proc. Code § 413.30. *See also Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 795 (1983) (finding that, in general, to satisfy due process, a method of service must be "reasonably calculated to provide actual notice of the pending proceeding").

United States District Court
Central District of California

In 2002, the Ninth Circuit first held that email service satisfies due process, permitting email service for a defendant located outside the United States pursuant to Federal Rule of Civil Procedure 4(f)(3). *See Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002) ("*Rio Properties*"). Holding that "the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond," the Ninth Circuit "[left] it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case" and to "perform[] [a] balancing test" to "craft[] methods of service reasonably calculated under the circumstances to apprise [a party] of the pendency of the action." *Id.* at 1017–19.

Courts in this Circuit have subsequently expanded the *Rio Properties* ruling to permit email service for defendants within the United States pursuant to California law, "constru[ing] Section 413.30 as authorizing service by email where email service 'is reasonably calculated to give actual notice to the party to be served,' particularly where there is evidence that the defendant is evading service." *Cisco Sys., Inc. v. Shaitor*, No. 18-CV-00480-LB, 2018 WL 3109398, at *3 (N.D. Cal. June 25, 2018) (collecting cases).

Thus, email service is permitted where, first, "the plaintiff demonstrated reasonable diligence in its attempts to serve the defendants," and second, "service by email is reasonably calculated to give actual notice to the defendants." *Cisco Sys., Inc. v. Shaitor*, 2018 WL 3109398, at *4. *Accord*

United States District Court
Central District of California

*Snyder v. Alternate Energy Inc*., 857 N.Y.S.2d 442, 448–449 (Civ. Ct. 2008) (finding that "service of the summons and complaint on defendants by e-mail was an appropriate form of service" because service by conventional methods was "impractical" and "service by e-mail [was] reasonably calculated, under all the circumstances, to apprise the defendants of the action brought against them"); *E.L.V.H. Inc. v. Bennett*, No. 218-CV-00710-ODW-PLAx, 2018 WL 6131947, at *1-2 (C.D. Cal. May 2, 2018) (applying New York law to permit service by email and Facebook messenger "where the defendant could not be located by means of a diligent search").

## III. DISCUSSION

As noted above, *Rio Properties* is the seminal case in this Circuit establishing email service as a permissible means of serving a summons. In *Rio Properties*, the Ninth Circuit interpreted Federal Rule of Civil Procedure 4(f)(3) governing service on international defendants to permit email service. Plaintiff Rio Properties, Inc. ("Rio"), a Las Vegas hotel and casino operator, brought an action against Defendant Rio Interlink International ("RII"), a Costa Rican Internet business entity, making various trademark infringement claims. Rio first attempted service on RII's attorney, who was located within the United States; the attorney, however, declined to accept service. Rio next hired a private investigator to determine RII's location abroad, but was similarly unsuccessful. Finally, Rio brought an emergency motion before the district court requesting permission to effectuate alternative service of process. The district court granted permission to effectuate service via email, and the Ninth Circuit affirmed.

Though "acknowledg[ing] that [it trod] upon untrodden ground," the Ninth Circuit, noting that it "[did] not labor long in reaching [its] decision," enthusiastically embraced email service. *Rio Properties*, 284 F.3d at 1016. The court's reasoning was expansive:

> Courts ... cannot be blind to changes and advances in technology. No longer do we live in a world where communications are conducted solely by mail carried by fast sailing clipper ... ships. Electronic communication via satellite can and does provide instantaneous transmission of notice and information. No longer must process be mailed to a defendant's door when he can receive complete notice at an electronic terminal inside his very office, even when the door is steel and bolted shut.

*Id*. at 1017 (quoting *New England Merchants Nat. Bank v. Iran Power Generation & Transmission Co*., 495 F. Supp. 73, 81 (S.D.N.Y. 1980)).

Although the court in *Rio Properties* considered the issue of email service for an international defendant, nothing in the Ninth Circuit's reasoning was limited to that fact. Emphasizing that "the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond," the court concluded that "[i]n proper circumstances, this broad constitutional principle unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance." *Rio Properties,* 284 F.3d at 1017 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

United States District Court
Central District of California

United States District Court
Central District of California

Noting that the goal of Rule 4 is "to provide maximum freedom and flexibility in the procedures for giving all defendants ... notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process," *Aevoe Corp. v. Pace*, No. C 11-3215 MEJ, 2011 WL 3904133, at *1 (N.D. Cal. Sept. 6, 2011) (citing *Elec. Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992)), courts have relied on *Rio Properties* to permit service via email, pursuant to California Civil Procedure Code Section 413.30 where "plaintiff demonstrated reasonable diligence in its attempts to serve the defendants," and where "service by email is reasonably calculated to give actual notice to the defendants." *Cisco Sys., Inc. v. Shaitor*, No. 18-CV-00480-LB, 2018 WL 3109398, at *4 (N.D. Cal. June 25, 2018). *See also Miller v. Ceres Uniified Sch. Dist*., No. 1:15-CV-0029-BAM, 2016 WL 4702754, at *4 (E.D. Cal. Sept. 7, 2016) (permitting email service where "Plaintiff has adequately demonstrated that he has taken several reasonable steps to effect service upon Defendant" but that, "[d]espite reasonable diligence, process cannot be served on Defendant . . . at her addresses of record," and where "the email address [plaintiff] proposes to use for service will reasonably give [defendant] adequate notice"); *Steve McCurry Studios, LLC v. Web2Web Mktg., Inc*., No. C 13-80246-WHA, 2014 WL 1877547, at *2 (N.D. Cal. May 9, 2014) (permitting service by email where plaintiff made "reasonable effort to personally serve defendant" and "service by e-mail . . . 'is reasonably calculated to give actual notice" to defendant'") (quoting Cal. Civ. Proc. Code § 413.30). The Court analyzes each factor in turn, below.

United States District Court
Central District of California

## A. Reasonable Diligence

Reasonable diligence entails "a thorough, systematic investigation and inquiry conducted in good faith by the party or the party's agent or attorney." *Dusenbery v. United States,* 534 U.S. 161, 162 (2002); *see also Watts v. Crawford,* 10 Cal. 4th 743, 749 n.5 (1995) (holding that exhaustive service attempts must be shown before plaintiff may resort to service by publication). Reasonable diligence is determined by the circumstances; there is "no single formula" that constitutes diligence. *Donel,* 87 Cal. App. 3d 327, 333 (1978). The analysis focuses "simply [on] whether [plaintiff] took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Id.*

Courts have found that good faith generally involves "[a] number of honest attempts to learn defendant's whereabouts or his address," *Kott v. Superior Court,* 45 Cal. App. 4th 1126, 1137-38 (1996), and requires more than a single attempt to effectuate service, *Giorgio v. Synergy Mgmt. Grp., LLC,* 231 Cal. App. 4th 241, 248-249 (2014) (determining that six separate occasions of attempted service, in addition to verification of defendant's address through adequate investigation, amounts to reasonably diligent efforts). *See also Estate of Smith v. City of San Diego,* No. 16-cv-2989-WQH-MDDx, 2017 WL 3175975, at *4 (S.D. Cal. 2017) (finding that verification of address and exhaustive attempts to locate and serve defendant by mail rise to reasonable diligence). Additionally, many courts have determined that good faith also requires the plaintiff to show that other means to locate defendant have been exhausted. *See Castillo-Antonio v. Azurdia,* No. C-13-05709-DMR, 2014 WL 7206609, at *4 (N.D. Cal. Dec. 18,

United States District Court
Central District of California

2014) (finding that hiring a private investigator "is one of the measures a plaintiff should take" before resorting to publication of service, regardless of whether a process server was hired); *see also THC-Orange Cty. Inc. v. Valdez,* No. 17-CV-01911-LB, 2017 WL 2171185, at *3 (N.D. Cal. May 17, 2017) (denying motion because plaintiff did not consult relatives, friends, or neighbors, or hire a private investigator).

The Court finds that Plaintiff has met the reasonable diligence requirement here. Plaintiff has taken each of the steps identified above to locate the Defendant: "Plaintiff's Counsel engaged a private investigator and through the Defendant's e-mail, family history and past litigation, searched California, New York, Florida and the Bahamas." (Motion at 8). When Plaintiff was unable to determine Defendant's exact location, Plaintiff made several good faith attempts to effect service on Defendant via certified mail at three addresses obtained from this investigation, first in Florida and at two distinct locations in New Hampshire. (Id.). The summons was "refused" and returned to sender each time. (Id. at 9). Finally, when these efforts failed, Plaintiff tried to serve process on Shipston Group, Ltd., a company started by Defendant's family, also to no avail.

Plaintiff has made numerous, good faith efforts to locate and serve Defendant in several locations. Accordingly, the Court finds Plaintiff's efforts to be reasonably diligent for purposes of California Code of Civil Procedure Section 413.30.

### B. Reasonably Calculated to Give Actual Notice

Furthermore, Plaintiff has also shown that service by email is reasonably calculated to give Defendant notice—indeed, Plaintiff has shown that

United States District Court
Central District of California

Defendant has *actual* notice of the action[1], and that he received such notice via email. On March 18, 2019, Plaintiff's Counsel contacted Defendant via email, attaching the complaint in this action. On March 26, 2019, Defendant responded to the email, asking "…Is there a time I can reach you this week?" Though he did not respond to Plaintiff's Counsel's offer to communicate, Defendant did send another email on April 4, 2019, in which he asked for more information concerning the contents of the complaint. (Motion, Ex. A). Plaintiff has thus shown that Defendant is monitoring his email, even corresponding with Plaintiffs' Counsel—responding to the complaint and asking questions regarding the parties to this action—via that email address.

Courts have increasingly recognized that, in certain cases, email may be *more* likely to result in actual notice than publication would be. In *Rio Properties*, the Ninth Circuit found email service permissible, concluding on the basis of "the facts presented by [that] case," "not only that service of process by email was proper—that is, reasonably calculated to apprise [Defendant] of the pendency of the action and afford it an opportunity to respond—but [that] in [that] case, it was the method of service most likely to reach [Defendant]." *Rio Properties*, 284 F.3d at 1017. Indeed, as the Supreme Court of California has recognized, "service by publication rarely results in actual notice." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995). *Cf. Facebook, Inc. v. Banana Ads*, LLC, No. C-11-3619-YGR, 2012 WL

[1] Plaintiff further states that Defendant has actual notice of this action because he is a judgment debtor in the New York Action. (Motion at 4).

United States District Court
Central District of California

1038752, at *3 (N.D. Cal. Mar. 27, 2012) (finding that email is "reasonably calculated to give actual notice" to domestic defendants). *Accord Snyder v. Alternate Energy Inc.*, 857 N.Y.S.2d at 448 ("Unlike publication, service by e-mail at least offers a chance of providing actual notice to a defendant of a pending lawsuit.").

The same is true here. Based on the factual record before this Court, particularly uncertainty regarding Defendant's physical location and evidence that he monitors his email account, service by email is far more likely to give Defendant actual notice than is service by publication.

Finally, in such cases where defendant has actual notice of an action, courts in this Circuit have declined to require plaintiffs to serve the defendant by publication as well by email. *See, e.g.*, *United Health Servs., Inc. v. Meyer*, No. C 12-6197 CW, 2013 WL 843698, at *2 (N.D. Cal. Mar. 6, 2013) ("[B]ecause of the substantial evidence that Defendant regularly uses and checks the . . . email address, the Court declines to require Plaintiff to serve Defendant by publication as well."); *E.L.V.H. Inc. v. Bennett*, No. 218CV00710-ODW-PLA, 2018 WL 6131947, at *3 (C.D. Cal. May 2, 2018) ("Because the Court finds that service by email and Facebook provides constitutionally sufficient notice, publication under California law is unnecessary."). The Court reaches the same conclusion here.

## IV. CONCLUSION

United States District Court
Central District of California

The Court accordingly GRANTS Plaintiff's Motion for Alternative Service and permits Plaintiff to serve the Defendant via jamiedingman@gmail.com, the email address where he has corresponded with Plaintiff's counsel.

**IT IS SO ORDERED.**

Dated: 10/2/19

Virginia A. Phillips
Chief United States District Judge